## G. D. TRUNDY *vs.* DOROTHY A. FOURNIER.

Androscoggin County. Decided May 10, 1933. The plaintiff sued his niece for feed and care of two horses, in his lifetime the property of plaintiff's brother, the father of the niece.

More than ten years ago the brother was committed to a hospital for the insane; plaintiff was appointed his guardian and took possession of the horses.

The brother died, October 25, 1929, and defendant was appointed administratrix of his estate at the December term of Probate Court, 1929, in Androscoggin County.

On June 10, 1930, plaintiff wrote defendant as follows: "Two horses belonging to the estate of the late Charles H. Trundy (the brother) are in my possession upon my premises and I am feeding, sheltering and caring for them.

"I am willing to do this until it becomes convenient for you as administratrix of your father's estate to take them into your possession but I wish it plainly understood by you that from and after this date I shall charge the estate of the late Charles H. Trundy a reasonable amount for such care, feeding and sheltering and shall claim a lien on said horses therefor, under the statute. Sincerely yours, G. D. Trundy."

On the same day counsel for the niece wrote the counsel for plaintiff the following reply letter: "This will acknowledge receipt of your letter of June 10th enclosing a copy of a letter to Mrs. Dorothy A. Fournier (the niece). As I understand the account, Mr. Trundy is to retain the horses as charged to him in the inven-

tory, and is to settle by way of money balance. In other words, he is not to settle in goods, but in money.

"I thank you for the courtesy of your letter, and remain   Very truly yours."

There is no further evidence in the record of negotiation or communication between the parties, but on May 26, 1932, defendant sent an agent to plaintiff, who demanded and received the horses.

On August 3, 1932, plaintiff sued defendant on an implied promise to pay the fair value of the feed, shelter and care of the horses from June 10, 1930, to May 26, 1932, claiming in his writ $100.00 a year on account of each horse.

At trial, the jury returned a verdict for $286.50, and defendant comes to this Court, on the usual motion for a new trial.

After her appointment as administratrix of her father's estate it was the duty of defendant to take possession of all chattels belonging to the estate. It is presumed that the law governing the finding of an implied promise to pay was given to the jury, as well as that making a person liable individually for a contract made while serving as administrator and not authorized.

With such instructions the jury might well find the defendant liable.

The damages are not excessive, apparently $1.70 a week for feed, shelter and care of a horse. Motion overruled. *Pulsifer & Ludden*, for plaintiff. *Frank T. Powers, George C. Wing, Jr.*, for defendant.